# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGE CLARK, | * |
| Plaintiff | * |
| v. | * CIVIL NO. JKB-13-2725 |
| RAY OTTENBERG *et al.*, | * |
| Defendants | * |

## MEMORANDUM

*I. Background*

George Clark *pro se* filed this suit claiming employment discrimination by his former employer. (Compl., ECF No. 1.) Initially, his complaint named "Ray Ottenberg [/] Ottenberg's Bakery" as defendants, but was docketed as filed only against Ray Ottenberg. After Ray Ottenberg filed a motion to dismiss principally on the ground that individuals who are not themselves employers may not be held liable in employment discrimination cases (ECF No. 7), Clark filed a request to amend his complaint to reflect that Ottenberg's Bakery was also a defendant (ECF No. 11). The Court treated this filing as a supplemental complaint and ordered service on Ottenberg's Bakery. (ECF No. 16.) Ray Ottenberg had already filed a motion to dismiss the amended complaint (ECF No. 13), and after being served, Ottenberg's Bakery has also filed a motion to dismiss for failure to state a claim (ECF No. 19). The motions have been briefed (ECF Nos. 10, 12, 15, 22, 23), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). Ray Ottenberg's motion will be granted, and Ottenberg's Bakery's motion will be denied.

## II. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Analysis

The Court has liberally construed Clark's *pro se* complaint and its attachments, including a notarized statement from a former coworker. From the complaint, the Court infers that Clark was fired for walking off the job, even though Clark alleges he was not "on the clock" and, therefore, could not be fired for walking off the job. He alleges that his termination is discriminatory because a Caucasian female walked off the job more than once and was not terminated. Although Clark does not allege his race and gender, the Court, by negative implication, infers from his complaint that Clark is not a Caucasian female. Certainly, the unemployment hearing examiner's decision refers to Clark as a male. Clark indicates in his

2

opposition to Defendants' motions to dismiss that he is a black male (ECF Nos. 10, 15, 22), and Defendants do not contest that claim.

Aside from Ray Ottenberg's meritorious argument that he is not a proper party to this employment discrimination suit, *see Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for Title VII violations"), Defendants assert that Clark has failed to show he was treated differently because the former coworker, Susan Lockard, was on the clock when she walked off the job and, by Clark's own allegation, Clark was not on the clock when he was fired for walking off the job. (Def.'s Mot. Dismiss Supp. Mem. 5, ECF No. 8; Def's Mot. Dismiss 6, ECF No. 13; Def.'s Mot. Dismiss Supp. Mem. 4-5, ECF No. 19.) But Defendants' point is not well taken. Clark has effectively alleged that he was treated as having been on the clock and walking off the job. Whether in hindsight he was or was not on the clock is not an operative fact. If Ottenberg's Bakery treated him and Lockard differently on the assumption that both were on the clock when they walked off the job, then Clark has adequately alleged a discriminatory difference in treatment.

Although Defendants make a valid point that the complaint does not plausibly state a claim of age discrimination, since this case will proceed on the basis of race and gender discrimination, the Court will defer until a later point decision on this argument as to whether the alleged difference in Clark's and Lockard's treatment may be attributed in part to age discrimination.

## *IV. Conclusion*

Ray Ottenberg will be dismissed from the case. Ottenberg's Bakery's motion to dismiss will be denied. A separate order will be entered.

DATED this 3 day of April, 2014.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

4